UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAISIT BENCHARIT )<br>)<br>v.          )<br>)<br>UNITED STATES OF AMERICA )<br>) | Cause No. 2:08-CV-164 RM<br>(Arising out of 2:02-CR-34(03) RM) |

OPINION AND ORDER

On August 22, 2007, Paisit Bencharit pleaded guilty to Count 3 of a three-count indictment charging him with knowingly and intentionally aiding and abetting the possession of heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. Bencharit then moved to withdraw his guilty plea, and the court denied the motion, finding that Mr. Bencharit hadn't presented a fair and just reason that would warrant withdrawal. On November 9, 2007, the court sentenced Mr. Bencharit to a term of 70 months' imprisonment on Count 3, to be followed by a three-year term of supervised release. The court also ordered Counts 1 and 2 against Mr. Bencharit dismissed on the government's motion. Mr. Bencharit is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on his claims of ineffective assistance of counsel. For the reasons that follow, the court denies Mr. Bencharit's petition.

The rules governing petitions filed under 28 U.S.C. § 2255 provide the once a motion is filed,

> [t]he motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in

the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Bencharit's plea agreement reveals that he waived his right to appeal his conviction and to contest his sentence in a § 2255 proceeding. Mr. Bencharit's plea agreement, signed by Mr. Bencharit, his attorney Phillip Skodinski, and Assistant United States Attorney Diane Berkowitz contains the following language in paragraph 7(d):

> (d) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel related directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 18, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Bencharit now asks that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily,"

2

United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Specifically, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).

Although Mr. Bencharit waived the right to attack his sentence, he contests the validity of the waiver by arguing that various actions and inactions of his counsel rendered counsel's representation ineffective in violation of the Sixth Amendment, thereby justifying his claim for relief under § 2255. To prevail on his claims of ineffective assistance of counsel, Mr. Bencharit must show that his counsel's performance was "objectively unreasonable or deficient and that he was prejudiced as a result." Strickland v. Washington, 466 U.S. 668, 687 (1984). Mr. Bencharit must point to specific acts or omissions by his counsel that constitute ineffective assistance, and the court must determine whether these acts or omissions were made outside the wide range of professionally competent assistance. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "Even if counsel's performance was deficient, [Mr. Bencharit] must also show that 'there is a reasonable probability that, but for [counsel's] unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.' " Eckstein v. Kingston, 460

3

F.3d 844, 849 (7th Cir. 2006). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Bencharit] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Bencharit claims that his plea was "unknowing and involuntary" because his counsel didn't explain in detail the implications of the agreement or leave him a copy for his personal review, rendering counsel's assistance constitutionally ineffective. Mr. Bencharit says that because he isn't a United States citizen, he is unfamiliar with the legal system and didn't understand the charge to which he pleaded. He believes that he pleaded guilty by mistake because he did not actually possess any heroin. The court considered this same argument upon Mr. Bencharit's request to withdraw his plea and found no reason to believe that Mr. Bencharit had merely been misinformed regarding the law.

> THE COURT: Mr. Bencharit told Judge Nuechterlein under oath at the time of his guilty plea that he understood the charge, and I believe he did at the time . . . Judge Nuechterlein told him he could face prison for as long as 20 years, no matter what he thought he was going to get that day, and he said he understood that. He told Judge Nuechterlein that he thought he was guilty. He admitted a factual basis for the plea. And at pages 19 through 21 of the plea transcript, Mr. Bencharit admitted that he knowingly and intentionally aided and abetted the possession of a controlled substance, specifically heroin, with the intent to distribute.
>
> The Judge asked what he did that makes him think that. Mr. Bencharit said that he knew it was a controlled substance so he did wrong. The Judge pressed onward. Mr. Bencharit said: I advised those people who were arrested in Indiana to contact another person, that this is a controlled substance, so that's why I was guilty. Then the Judge asked: Are you – are you saying that you advised and

4

> counseled others who were engaged in either the possession or sale of heroin, and Mr. Bencharit answered: Yes. The Judge then asked Ms. Berkowitz to summarize her anticipated evidence at trial, and she did so, and Mr. Bencharit said it was correct.
>
> So even today while Mr. Bencharit says he is not guilty and wants to prove his innocence, I do not understand him to be saying he was not guilty of what he pleaded guilty to under Count 3 but that he is not guilty of what some other inmate has told him he is charged with having done, which is to possess– actually possess heroin while he was in a Thai prison.

Sentencing Hrg. Tr., at 11-13; *see also* Plea Hrg. Tr., at 19-21.

At his change of plea hearing, Mr. Bencharit acknowledged that he understood the specifics of his plea agreement and confirmed that his plea was voluntary and not based on any promises outside the written plea agreement. Plea Hrg. Tr., at 16-17. He also stated that he was satisfied with the representation of counsel. Id. at 7. "These representations are presumed truthful," United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004), and Mr. Bencharit's claims to the contrary are unsupported and without merit. *See* United States v. Suggs, 374 F.3d 508, 520 (7th Cir. 2004) (the defendant's motion "directly contradicts his statements at the change of plea hearing; his motion lacks any proof for his allegations besides his own self-serving assertions."). Mr. Bencharit "must overcome the presumption of verity that attaches to [statements made at the Rule 11 colloquy]." United States v. Suggs, 374 F.3d 508, 520 (7th Cir. 2004). He hasn't done so.

Mr. Bencharit also complains that his counsel misinformed him of the maximum term of imprisonment for his offense and that he endorsed the plea

5

agreement based on this information. Mr. Bencharit argues that because his counsel told him that he was facing 24 months imprisonment, similar to his co-defendant Jason Burke, counsel's representation was ineffective and his sentence should be vacated. The record of the plea hearing proceedings belies this claim:

> THE COURT: Do you understand that if the court reaches a sentence that is different than what you believed you would receive, because of your discussions with your attorney, that that is not a basis, or would not permit you, to withdraw your guilty plea? In other words, the court is not bound by any sentence that you may have agreed upon. Do you understand that, Mr. Bencharit?
>
> MR. BENCHARIT: I understand, sir.

Plea Hrg. Tr., at 16.

Mr. Bencharit also maintains that his counsel didn't fully question him about his role in the conspiracy and, thereafter, failed to introduce potentially exculpatory evidence during his plea hearing. Mr. Bencharit admits that he participated in the initial drug transaction, but says he didn't intend to participate in any additional transactions. Instead, he alleges that the majority of the communications between the co-conspirators took place without his knowledge and that he only wished to plead guilty to the amount of drugs purchased with the initial $1500.00. Despite these claims, Mr. Bencharit hasn't demonstrated that his counsel's performance was objectively unreasonable or that he was prejudiced as a result. Mr. Bencharit hasn't offered any evidence that the acts or omissions of his counsel "were made outside the wide range of professional competent

assistance" such that the advice rendered by counsel fell "below prevailing professional norms." Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003).

Likewise, Mr. Bencharit hasn't provided adequate support for his argument that he wouldn't have entered into the plea agreement but for his counsel's alleged errors. To the contrary, Mr. Bencharit continues to admit the facts that make him guilty of the charge to which he pleaded. In his October 13, 2007 letter to counsel after the plea hearing, Mr. Bencharit claimed that he was a lesser participant in the conspiracy, but he didn't disavow his initial communications with the co-conspirators or his efforts in furtherance of the conspiracy. Similarly, in his § 2255 motion, Mr. Bencharit admits that he assisted his co-conspirators in obtaining heroin and does not in any way indicate his innocence. As such, although Mr. Bencharit disagrees with the length of his sentence, he hasn't carried his burden with respect to either prong required to prevail on his claims of ineffective assistance of counsel.

Mr. Bencharit's remaining claims don't contest the validity of the waiver of his right to file a § 2255 petition, so those claims are foreclosed by his plea agreement, in which he expressly waived his right to challenge his conviction and sentence and the manner in which they were determined or imposed on any grounds. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Even if

7

the court were to consider Mr. Bencharit's claims, he wouldn't be entitled to the relief he seeks because those claims are without merit.[1]

Based on the foregoing, Mr. Bencharit isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 62] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED: June 3, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

[1] The remaining claims include:

Mr. Bencharit's complaint that his counsel didn't provide him a copy of the Pre-Sentence Investigation ("PSI") report, adequately explain the allegations within the report, or provide him an opportunity to object to those allegations. At the sentencing hearing, however, Mr. Bencharit confirmed that he had read the report and reviewed it with his attorney, as did counsel. Sentencing Hrg. Tr., at 14. The court also allowed Mr. Bencharit to explain his disagreement with the proposed sentencing range on more than one occasion during the hearing. See id. at 14, 22-23. Accordingly, Mr. Bencharit's claims regarding the PSI report are without merit.

Mr. Bencharit also complains that his counsel's assistance during the sentencing hearing was ineffective. He argues that his counsel didn't object to the length of his sentence in comparison with his co-defendants, didn't inform the court that Mr. Bencharit wouldn't be able to participate in certain drug rehabilitation programs only available to United States citizens, didn't subpoena co-defendant Jason Burke to testify at the sentencing hearing, and didn't ask the court to take Mr. Bencharit's age into account when determining a reasonable sentence. Contrary to Mr. Bencharit's allegations, counsel did inform the court of Mr. Bencharit's limited involvement in acquiring the heroin and made note of his advancing age. The court, in turn, considered Mr. Bencharit's history and characteristics pursuant to 18 U.S.C. § 3553 and determined that a sentence at the low end of the applicable guideline range was reasonable in light of Mr. Bencharit's age and acceptance of responsibility. Id. at 23-25. Again, Mr. Bencharit hasn't demonstrated that his counsel's performance was objectively unreasonable rather than a strategic decision. See United States v. Pergler, 233 F.3d 1005, 1009 (7th Cir. 2000) ("When reviewing ineffective assistance of counsel claims, we presume that the attorneys made reasonable judgments and decline to second guess strategic choices."). Nor has Mr. Bencharit presented convincing evidence that but for his counsel's performance, his sentence would have been different. Accordingly, Mr. Bencharit hasn't shown that his counsel's representation was ineffective in violation of the Sixth Amendment.